UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIRST STATE INSURANCE COMPANY<br>and NEW ENGLAND REINSURANCE<br>CORPORATION,<br><br>      Petitioners,<br><br>      v.<br><br>NATIONWIDE MUTUAL INSURANCE<br>COMPANY,<br><br>      Respondent. | Civil Action No. 13-cv-11322-IT |

MEMORANDUM & ORDER

October 21, 2014

TALWANI, D.J.

I.    Introduction

Petitioners First State Insurance Company and New England Reinsurance Corporation ("First State") bring this petition against Respondent Nationwide Mutual Insurance Company ("Nationwide") to confirm an arbitration award. Presently before this court are First State's Petition for an Order Confirming Final Arbitration Award and Entry of Judgment [#4] and Nationwide's Motion to Dismiss Petition for Order Confirming Final Arbitration Award and Entry of Judgment [#15]. For the following reasons, First State's petition [#4] is DENIED and Nationwide's motion to dismiss [#15] is ALLOWED.

II.    Background

The Parties are parties to various reinsurance agreements (collectively, the "Reinsurance Agreements"). Irreconcilable disputes arose between the Parties under these agreements. On August 23, 2011, First State sought arbitration against Nationwide under the Reinsurance

Agreements. See Arbitration Demand [#35-5]. The Parties then negotiated the Agreement for Consolidation of Arbitration, which was executed by counsel for Nationwide on March 7, 2012 and by counsel for First State on March 19, 2012. See Agreement Consolidation Arbitration [#35-6].

On August 30, 2012, the appointed three-member arbitration panel held an organizational meeting regarding the arbitration. See Pet'r's Pet. Order Confirming Final Arbitration Award & Entry J., ¶ 9 [#4] [hereinafter Pet.]; Resp't's Mem. Supp. Its Mot. Dismiss Pet. Order Confirming Final Arbitration Award & Entry J., 1 [#16] [hereinafter Resp't's 1st Mem.]. At that meeting, First State defined the purpose of the arbitration as follows:

> What's important to begin with here is that First State filed the arbitration to fix a broken relationship. . . . And the problem is [Nationwide will] say, well, we don't have to pay you until we audit, or we don't have to pay you until our questions are answered, or we don't have to pay you until we get this document or that document. . . . This arbitration isn't about claims. We eventually work through all of the claims with them. We're not suggesting that we don't. . . . We worked through over $9 million in balances and have $10,000 in disputed claims. We don't need the panel to decide the claims. . . . It's not about the individual claims . . . because we'll eventually work through them. We don't need the panel to help us work through these claims. We need the panel to interpret the contract . . . [and] to order that the parties are to brief three issues: [1] what information triggers the payment obligation under the contracts . . . ; [2] is an audit or information request a pre-condition to payment . . . ; [and 3 the issue of] privilege.

Tr. Organizational Meeting, available at Resp't's 1st Mem., Ex. A.

Nationwide objected to this approach and argued that the arbitration

> has to be about claims [because] the arbitrations clause [of each of the Reinsurance Agreements] does not provide for resolution of . . . differences in a vacuum, but only in conjunction with specific claims. . . . [First State] wants some kind of an abstract interpretation of the contract . . . and that's not what the panel is empowered to do under the arbitration clause. It can touch on the question of the interpretation of contracts . . . but not in the abstract, but with respect to the particular transaction, the facts of that transaction, the circumstances of the transaction. All the details [First State] apparently does not want to deal with.

Tr. Organizational Meeting, available at Resp't's 1st Mem., Ex. A. Nationwide further argued

2

that as a practical matter, because First State predicated its demand for contract interpretation on allegations charging Nationwide with a pattern of conduct amounting to abuse of its claims examination rights, an evidentiary hearing was required. Resp't's 1st Mem. at 3.

After that hearing, the panel ordered the Parties to submit briefing on the "Contract Interpretation and Application" issue and stated that after a February 2013 hearing "and the Panel's Decision, the Panel will develop with the Parties a schedule (including hearing dates) to address outstanding issues." Letter from Lawrence O. Monin (On Behalf of the Panel) to Counsel for First State and Counsel for Nationwide (Sept. 4, 2012), at 4, available at Resp't's 1st Mem. at Ex. B. The Parties then submitted their briefs and documentary evidence to the panel. Pet. ¶ 10; see Resp't's 1st Mem. at 3. On February 12, 2013, in Boston, the panel conducted a hearing, Pet. ¶ 11, and Nationwide "reiterate[ed its] objection" to the manner in which the issues were being dealt with, Tr. Hearing, available at Resp't's 1st Mem., Ex. C.

On February 20, 2013, the panel sent to the parties an order entitled "Final Award on First State's Motion on Contract Interpretation" (the "February 2013 Award"). See Final Award First State's Mot. Contract Interpretation [#4-4] [hereinafter February 2013 Award]. The panel sent emails to the Parties concerning the February 2013 Award on March 4, April 17, and April 18, 2013. See Pet. at Ex. 3.

On May 31, 2013, First State initiated this action, petitioning this court for an order confirming the award issued by the arbitration panel.

On January 21 and 22, 2014, the arbitration panel held a further hearing. See Pet'rs' Opp'n Resp't's April 30, 2014 Cross-Pet. Vacate & Mem. Supp. Their June 3, 2014 Cross-Mot. Confirm & Further Supp. Their May 31, 2013 Pet. Confirm, 9 [#42] [hereinafter Pet'rs' Opp'n]. On January 31, 2014, the panel emailed the Parties its award on these issues. See id. at 9–11; see

3

also Interim Final Award [#35-19].

On March 21, 2014, the panel issued a payment order regarding fees and costs and stated that the matter was closed. See Pet'r's Opp'n at 11–12; see also Final Award & Final Payment Order [#35-20].

III.  Discussion

First State petitions this court for an order confirming the February 2013 Award.

The Federal Arbitration Act (the "FAA" or the "Act"), 9 U.S.C. § 9, provides that federal courts have jurisdiction to confirm the awards of arbitration panels:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Id. In applying the FAA, "'[i]t is essential for the district court's jurisdiction that the arbitrator's decision was final, not interlocutory.'" Hart Surgical, Inc. v. Ultracision, Inc., 244 F.3d 231, 233 (1st Cir. 2001) (alteration in original) (quoting El Mundo Broad. Corp. v. United Steelworkers of Am., AFL-CIO CLC, 116 F.3d 7, 9 (1st Cir. 1997)). This prerequisite "promotes the role of arbitration as an expeditious alternative to traditional litigation." Id. The First Circuit has explained that "'[n]ormally, an arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve *all* claims submitted in the demand for arbitration.'" Id. (alteration in original) (quoting Fradella v. Petricca, 183 F.3d 17, 19 (1st Cir. 1999)).

Here, although labeled a "Final Award," the panel expressed no intention to resolve all

4

claims submitted in the demands for arbitration.[1] Instead, the award focuses on "First State's Motion on Contract Interpretation" and concludes by directing the parties to report back with a proposed schedule leading to a hearing on remaining matters.[2]

The First Circuit has explained that if an award does not resolve all claims, the decision nonetheless is final and the district court has jurisdiction if the parties have agreed that the arbitration panel should make a final partial award on a particular issue and the panel has done so. See Providence Journal Co. v. Providence Newspaper Guild, 271 F.3d 16, 19 (1st Cir. 2001) (explaining that "it is clear that the partial award on liability should be deemed 'final'" where "the parties agreed to divide the arbitration hearing into two parts" and the arbitrator "conclusively decided every point required by and included in the [first] phase" (internal quotation marks omitted)); Hart, 244 F.3d at 236 (holding that the FAA permits a district court to confirm or vacate a partial award where "there is a formal, agreed-to bifurcation at the arbitration stage" ); see also Trade & Transp., Inc. v. Natural Petroleum Charterers Inc., 931 F.2d 191, 195 (2d Cir. 1991) ("[I]f the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue."). This rule follows from "an understanding of the primary policy behind the FAA, which is to resolve issues in the manner intended by the parties." Hart, 244 F.3d at 235 n.3 (citation omitted).

Here, although the panel proceeded to address the issues in phases, the Parties did not

---

[1] The title used by an arbitration panel for its ruling is immaterial. Publicis Commc'n v. True N. Commc'ns Inc., 206 F.3d 725, 728 (7th Cir. 2000) ("The content of a decision—not its nomenclature—determines finality.").

[2] The panel issued further awards on January 20 and March 21, 2014. See Interim Final Award, 5–8 [#35-19]; Final Award & Final Payment Order [#35-20].

jointly agree to bifurcation of the arbitration. First State has presented no evidence that Nationwide agreed to bifurcate the arbitration proceeding. See Pet'rs' Mem. at 2 (stating that "First State requested that the panel bifurcate the proceeding" and "the *panel* agreed to bifurcate the proceedings" (emphasis added)). Indeed, the record makes clear that Nationwide objected to bifurcation at the August 2012 organizational meeting when it argued that the panel should consider all of the issues before it at the same time. See Tr. Organizational Meeting, available at Resp't's 1st Mem., Ex. A.

First State argues that a court may review a partial award in the absence of an agreement to bifurcate if the interim award finally resolves a "separate independent claim." Pet'rs' Mem. at 6 (citing several decisions from the Second Circuit, including Metallgesellschaft A.G. v. M/V Capitan Constante, 790 F.2d 280 (2d Cir. 1986)). In Hart, the First Circuit explained that:

> [w]hat runs through the Second Circuit's decisions is a tension between the desire to effectuate the parties' intent to divide an arbitration into distinct phases, and making sure that a losing party does not thereby forfeit an appeal by failing to object after the completion of a phase. Under these circumstances, *the definiteness with which the parties have expressed an intent to bifurcate is an important consideration*.

Hart, 244 F.3d at 235 (emphasis added) (internal citation omitted). That exact concern is illustrated here, where First State filed its petition to confirm the award one hundred days after the February award issued and has argued that Nationwide has forfeited any motion to vacate by not objecting to the award within ninety days.[3] Although First State is correct that an interim award may be final in some circumstances involving a "separate independent claim," the separate nature of the claim does not eliminate the requirement that the parties intended to bifurcate the proceedings. Unlike in Hart, where the court found that "[b]oth the parties and the panel . . . understood the determination . . . to be a final award," id., the evidence shows no such

---

[3] A notice of a motion to vacate, modify, or correct an award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

6

understanding here.

IV.  Conclusion

For the foregoing reasons, First State's Petition for an Order Confirming Final Arbitration Award and Entry of Judgment [#4] is DENIED and Nationwide's Motion to Dismiss Petition for Order Confirming Final Arbitration Award and Entry of Judgment [#15] is ALLOWED.

IT IS SO ORDERED.

Date: October 21, 2014                        /s/ Indira Talwani
                                              United States District Judge