UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIRST STATE INSURANCE COMPANY       *
and NEW ENGLAND REINSURANCE          *
CORPORATION,                         *
                                     *
        Petitioners,                 *
                                     *
v.                                   *   Civil Action No. 13-cv-11322-IT
                                     *
NATIONWIDE MUTUAL INSURANCE          *
COMPANY,                             *
                                     *
        Respondent.                  *

ORDER ALLOWING RECONSIDERATION

March 25, 2015

TALWANI, D.J.

I.   Introduction

Before the court is Petitioners First State Insurance Company and New England Reinsurance Corporation's ("First State") Motion for Reconsideration of the Court's October 21, 2014 Memorandum and Order [#64], which dismissed First State's petition to confirm an arbitral award on the ground that the petition was premature. As set forth below, the court ALLOWS the motion for reconsideration.

II.  Procedural History

On August 23, 2011, First State sought arbitration against Nationwide for certain disputes arising under various reinsurance agreements. See Arbitration Demand [#35-5]. Over Nationwide's objection,[1] a three-person arbitral panel decided to address the parties' dispute in a

---

[1] For a more detailed explanation of the parties' disagreement regarding this phased approach, see the court's Memorandum & Order [#58] of October 21, 2014.

phases, first treating issues of contract interpretation and then "address[ing] outstanding issues" in a second stage of arbitration. See Letter from Lawrence O. Monin (On Behalf of the Panel) to Counsel for First State and Counsel for Nationwide (Sept. 4, 2012), at 4, available at Resp't's Mem. Supp. Mot. Dismiss Pet. Order Confirming Final Arbitration Award & Entry J., Ex. B [#16-2].

On February 20, 2013, the panel sent the parties an order entitled "Final Award on First State's Motion on Contract Interpretation" (the "Phase I Award"). See Final Award First State's Mot. Contract Interpretation [#35-16] [hereinafter Phase I Award].

On May 31, 2013, First State petitioned the court for an order confirming the Phase I Award. See Pet'rs' Pet. Order Confirming Final Arbitration Award & Entry Final J. [#4]. On July 17, 2013, Nationwide moved to dismiss First State's petition on the ground that the arbitration had not been formally bifurcated, such that the award was not yet final. See Resp't's Mot. Dismiss Pet. Order Confirming Final Arbitration Award & Entry Final J. [#15].

On January 21 and 22, 2014, the arbitral panel held a further hearing on outstanding issues. See Pet'rs' Opp'n Resp't's April 30, 2014 Cross-Pet. Vacate & Mem. Supp. Their June 3, 2014 Cross-Mot. Confirm & Further Supp. Their May 31, 2013 Pet. Confirm, 9 [#42] [hereinafter Pet'rs' Opp'n]. On January 31, 2014, the panel emailed the parties its award on these issues (the "Phase II Award"). See Interim Final Award [#35-19] [hereinafter Phase II Award]. On March 21, 2014, the panel issued a final payment order regarding fees and costs and. See also Final Award & Final Payment Order [#35-20]. By email dated April 3, 2013, the panel stated that the arbitration was closed. See Pet'rs' Opp'n at 11-12.

On April 30, 2014, Nationwide filed a cross-petition to vacate the arbitration award, which encompassed both the Phase I and Phase II Awards. See Resp't's Cross-Pet. Vacate

Arbitration Award [#33].  On June 3, 2014, First State filed a cross-motion to confirm the Phase II Award and in further support of its then-pending petition to confirm the Phase I Award.  See Cross-Mot. Confirm January 30, 2014 "Interim Final Award" & Entry J. [#41].

On October 21, 2014, the court ruled that First State's petition for confirmation of the Phase I Award had been filed before any award was final.  See Mem. & Order 4-7 [#58].  Accordingly, the court allowed Nationwide's motion to dismiss the petition as premature.  See id. at 7.  On November 18, 2014, First State filed the instant Motion for Reconsideration of the Court's October 21, 2014 Memorandum and Order [#64].

III.    Discussion

First State has moved for reconsideration of the court's dismissal of its petition, arguing that—even if premature when filed—there is no dispute that the petition seeks confirmation of a now-final award.  See Pet'rs' Mem. Law Supp. Their Mot. Reconsideration Court's October 21, 2014 Mem. & Order, 4-5 [#65].

The corollary of the court's ruling that the arbitral proceedings were not formally bifurcated, such that the Phase I Award was not final, is that the instant dispute concerns a single arbitral award, finalized in 2014.  Reference to the Phase I and Phase II Awards, reflecting the arbitral panel's phased approach, cannot be read to create the false impression that there are two distinct awards for purposes of judicial review.  To the contrary, this is a single proceeding, with the Phase II Award referencing and drawing its substance from the Phase I Award.  See, e.g., Phase II Award at 6 ("Under paragraphs A 4 and A 5 of the February 20, 2013, Award, the Panel orders and sets the interest rate at 6% per year compounded annually."); id. at 7 ("[T]he Panel . . . clarifies that Exhibit 29, and similar information provided in the future, complies with paragraph A(2) of the February Order thereby triggering Nationwide's obligation to pay . . . .").

3

The court's ruling that First State's petition was filed prematurely was not intended to circumscribe First State's ability to obtain consideration of the entire award. The court notes further that, although formally titled a motion "in further support of [First State's] May 21, 2013 Petition to Confirm," First State's June 2014 motion explicitly seeks confirmation of both the Phase I Award and the Phase II Award. See Pet'rs' Opp'n at 1, 20-24. Whatever its name, the effect of this filing was to place both the court and Nationwide on notice—at a time when the arbitral award was final—that First State sought confirmation of the full award. Cf. United States v. Ortiz, 741 F.3d 288, 291 (1st Cir. 2014) ("Ascertaining a motion's character depends upon its substance, not its appellation.").[2]

When the court ruled on Nationwide's motion to dismiss, the arbitral award was already final and the court had then-pending before it First State's timely filed motion seeking confirmation of both the Phase I and Phase II Awards. In light of this chronology and pleadings, the court should not have dismissed First State's petition, but should have consolidated the petition with First State's June 3, 2014 motion to confirm. Accordingly, First State's Reconsideration of the Court's October 21, 2014 Memorandum and Order [#64] is ALLOWED.

On reconsideration, the court's finding that First State's petition was filed prematurely is reaffirmed. Nationwide's Motion to Dismiss Petition Confirming Final Arbitration Award [#15] is DENIED insofar as it seeks dismissal, rather than deferral, of that petition. First State's Petition for an Order Confirming Final Arbitration Award and Entry of Final Judgment [#4] is DENIED insofar as that petition seeks confirmation of a non-final award, but is otherwise

---

[2] First State's motion for reconsideration was also filed within the one-year statutory deadline to seek to confirm an award. See 9 U.S.C. § 9. Accordingly the court could alternatively treat this motion for reconsideration as a motion for confirmation of the full award.

4

CONSOLIDATED with First State's <u>Cross-Motion to Confirm January 30, 2014 "Interim Final Award" and Entry of Judgment</u> [#41].

    IT IS SO ORDERED.

Date: March 25, 2015                                        <u>/s/ Indira Talwani</u>
                                                                                          United States District Judge