UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIRST STATE INSURANCE COMPANY  *
and NEW ENGLAND REINSURANCE    *
CORPORATION,                   *
                               *
    Petitioners,               *
                               *
v.                             *   Civil Action No. 13-cv-11322-IT
                               *
NATIONWIDE MUTUAL INSURANCE    *
COMPANY,                       *
                               *
    Respondent.                *

MEMORANDUM & ORDER

March 25, 2015

TALWANI, D.J.

This case raises the question of whether an arbitral panel exceeded its scope of authority in crafting a remedial scheme related to claim payments under numerous reinsurance agreements between Petitioners First State Insurance Company and New England Reinsurance Corporation ("First State") and Respondent Nationwide Mutual Insurance Company ("Nationwide"). Now before the court are Nationwide's Cross-Petition to Vacate Arbitration Award [#33] and First State's Cross-Motion to Confirm January 30, 2014 "Interim Final Award and Entry of Judgment [#41].[1]

The traditionally high level of deference given to arbitral awards by reviewing courts is well established. See Cytec Corp. V. DEKA Prods. Ltd. P'ship, 439 F.3d 27, 32 (1st Cir. 2006)

---

[1] Based on the court's prior Order Allowing Reconsideration [#70], which consolidated First State's Petition for an Order Confirming Final Arbitration Award & Entry of Judgment [#4] with this cross-motion, the cross-motion is read as seeking confirmation of the full final award in this case, not merely the second-phase award issued by the arbitral panel in March 2014.

("The authority of a federal court to disturb an arbitration award is tightly circumscribed."); Bull NH Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000) ("The district court's review of arbitral awards must be extremely narrow and exceedingly deferential." (citation and internal quotation marks omitted)).

Moreover, the First Circuit has recently decided First State Ins. Co. & New Eng. Reinsurance Corp. v. Nat'l Casualty Co., No. 14-1644, 2015 WL 1263147 (1st Cir. Mar. 20, 2015), in which it explained that "an 'honorable engagement' provision . . . [adds] yet a further level of circumscription" to this review.[2] Id. at *1. As set forth in that opinion, "an honorable engagement provision empowers arbitrators to grant forms of relief, such as equitable remedies, not explicitly mentioned in the underlying agreement." Id. at *4.

Applying the required deference, the court finds that the arbitral panel did not exceed its scope of authority in crafting the remedial Phase I and Phase II awards because the panel was, at least arguably, interpreting the contract in doing so. See id. at *3-5 (confirming substantially similar award after consideration of highly analogous arguments in favor of vacatur). Accordingly, Nationwide's Cross-Petition to Vacate Arbitration Award [#33] is DENIED and First State's Cross-Motion to Confirm January 30, 2014 "Interim Final Award and Entry of Judgment [#41], which is treated as seeking confirmation of the full award, is ALLOWED.

Recognizing that the parties' briefs were submitted before the First Circuit issued its opinion in First State Ins. Co. & New Eng. Reinsurance Corp., and that the parties therefore have

---

[2] The reinsurance agreements at issue each contain an honorable engagement clause. See First Casualty Excess Loss Reinsurance Contract, art. XII [#43-1]; Second Casualty Excess of Loss Reinsurance Contract, art. XVI [#43-2]; Third Casualty Excess Loss Reinsurance Contract, art. XVI [#43-3]; Obligatory Share Retrocession Agreement No. 13b, art. XIII [#43-4]; Obligatory Retrocessional (Excess Business) Reinsurance Agreement, art. XIV [#43-5]; First Excess Property and Casualty Retrocession Agreement, art. 16 [#43-6]; Obligatory Retrocession Agreement, art. 19 [#43-7].

not had an opportunity to address the import of that decision to the instant dispute, the court will leave this case open until April 24, 2015.  Any motions for reconsideration addressing this intervening authority filed before that date will be considered by the court before entering final judgment.

      IT IS SO ORDERED.

Date: March 25, 2015                                                                            /s/ Indira Talwani
                                                                                           United States District Judge